## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **Alexandra Leach** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action:** 1:12-cv-1495 |
| **v.** | : | **Jury Demanded** |
| | : | |
| **National Railroad Passenger Corp.** | : | |
| **(AMTRAK)** | : | |
| | : | |
| **Defendant.** | : | |

## COMPLAINT

Alexandra Leach ("Plaintiff") brings this cause of action against her employer, National Railroad Passenger Corporation ("Defendant") alleging discrimination and harassment on the basis of her race and sex and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and 42 U.S.C. §1981 (race and retaliation).

## I.     JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of the instant complaint pursuant 28 U.S.C. § 1331 because the plaintiff brings this action arising under the laws of the United States.

2.     Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391 because the unlawful employment practices were committed and the employment records were maintained, in whole or in part, in this District.

## II.     PARTIES

3.     Plaintiff, Alexandra Leach, is a citizen of the United States.  She resides in Maryland and is over the age of majority.  Plaintiff's employment with Defendant began on

April 4, 2007 and at all times relevant to the averments of this Complaint, Plaintiff was a Heavy Maintenance Car Repairman in the Transportation Department in Ivy City – Washington, D.C.

4.      Defendant, National Railroad Passenger Corporation ("Amtrak") is a national corporation which was authorized to conduct business in the District of Columbia, with a principal place of business and a worksite in the District of Columbia.

## III.   ADMINISTRATIVE REMEDIES

5.      Plaintiff exhausted all administrative remedies.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 19, 2011.   On June 13, 2012, the EEOC issued Plaintiff its Notice of Right to Sue letter indicating that the EEOC would not be able to complete administrative processing of Plaintiff's complaint within 180 days.

## IV.   FACTS

### A.   **Background**

6.      Plaintiff is an African American female. In April 2007, Plaintiff began her employment with Defendant as a Coach Cleaner.

7.      In 2008, Plaintiff entered into a five month training program to become a Carman and was subsequently promoted to a Heavy Maintenance Carman. Plaintiff was the first female to encumber this position at Defendant's Ivy City, Washington, D.C. location.

8.      During the period in which the discriminatory actions arise, Plaintiff remained the only female Heavy Maintenance Carman.  When Frederick "Butch" Hindman took over as Plaintiff's supervisor, the work environment became dramatically more discriminatory.

### B.    Hostile Work Environment

9.      Plaintiff has been forced to work in a hostile environment, which intensified in or about 2011.  Male employees daily and routinely refer to Plaintiff and other female employees or females in general as "bitch," "slut" and "ho."  Plaintiff is frequently called "girl" by other white male employees, often in the presence of management.  Men routinely make comments about women's physical attributes using the words "ass" and "tits or tities."  Male employees have stated that "women were only good for working in the kitchen."  Plaintiff's supervisor, Frederick Hindman ("Hindman") told Plaintiff that "women don't belong here" and expressed his belief that men perform Plaintiff's position better than women.

10.      Each employee is assigned a blue tag for safety protection, which includes a photo of the employee. Plaintiff, on one occasion, discovered that her blue tag was missing.  The tag turned up with an illustration of a penis drawn next to her mouth.  Plaintiff reported the incident to management, including Jeff Anderson and Mike Hans, who reacted to the illustration with laughter. The incident was never investigated and Defendant failed to communicate any resolution of Plaintiff's complaint.  Plaintiff has also seen the tags of other female employees marked with black eyes or teeth blacked out.

11.      Several male employees read pornographic magazines during work hours and in Plaintiff's presence.  Plaintiff complained to her managers about the pornographic magazines in the work place.  Defendant failed to investigate the complaints or otherwise promptly prevent and correct the occurrences of this and other harassing behavior.

12.      A very large drawing of a naked woman exposing her vaginal area and breasts was prominently displayed in a work area. Plaintiff reported the incident to her supervisors (who of course could see it whenever they were in the area). The supervisors used spray paint or

a cover-up to conceal the woman's vagina.  The breasts remain visible up to the filing of this action.

13.     On several occasions, Mr. Hindman behaved in an aggressive and intimidating manner towards Plaintiff.  His intimidation included yelling at Plaintiff, pointing his finger in her face and approaching her in an aggressive and threatening manner so as to place Plaintiff in imminent fear of physical harm.

14.     Without explanation, Defendant terminated Plaintiff's medical and insurance benefits, although Plaintiff remained employed by Defendant.  Plaintiff complained about the inexplicable termination of her benefits and Defendant ignored the complaints, failing to restore the benefits for an extended period of time.

15.     One morning when Plaintiff was arriving at work and walking through an area where operation of personal vehicles by employees was forbidden, Plaintiff was nearly struck by the vehicle of a co-worker.  Having observed the employee coming at Plaintiff in the vehicle, Plaintiff knew that the co-worker intended to place her in immediate apprehension that he would strike her.  He was successful.  Plaintiff reported the incident and Defendant took no action.

16.     Plaintiff found the conduct of Hindman and other co-workers so distressing that there were times when she was unable to attend her shift at work and forced to take sick or vacation leave.  Plaintiff was ultimately forced to seek treatment from a physician for a stress-induced anxiety disorder.

**C.**    **Disparate Treatment Based on Sex**

17.    Hindman also subjected Plaintiff to disparate treatment and/or treated male employees more favorably.  For example, on numerous occasions, Hindmind refused to permit Plaintiff to take regularly scheduled work breaks.  Male employees were not similarly treated.

18.    Hindman imposed unreasonable and unfair performance standards on Plaintiff that were not similarly imposed on male employees.  Before being supervised by Hindman, Plaintiff received stellar performance appraisals.  The appraisal issued to Plaintiff by Hindman was the only negative appraisal Plaintiff received.

**D.**    **Disparate Treatment Based on Race**

19.    Plaintiff's supervisors and Defendant's management team allowed white employees to park in preferential areas and clock in, while requiring African American employees to park further away from the point at which employees must clock-in.

20.    African American employees were required to perform the menial tasks such as cleaning the break rooms although the same tasks were not required of white employees.

21.    When Heavy Maintenance work was light, Defendant's management assigned African American employees to shop-cleaning duties while white employees sat around, were on break or performed light labor.

**E.**    **Retaliation**

22.    On October 28, 2011 Plaintiff spoke to Defendant's EEO representative and Superintendent Jeffrey Mead concerning Hindman and her male co-workers' discriminatory and harassing conduct.  Hindman subsequently learned of Plaintiff's complaint. Hindman began telling white and male employees that Plaintiff filed a complaint and instructed the employees to limit their interaction with Plaintiff.  As a result of Hindman's conduct, several of Plaintiff's

white, male co-workers began to exhibit hostile behavior towards her and began to exclude her from work activities.

23.     After Hindman learned of Plaintiff's complaint, he approached her in a threatening, intimidating and hostile manner.

24.     After Plaintiff's complaint, Hindman orchestrated the abolition of Plaintiff's position on the day-shift (7am – 3pm).  The position was re-structured such that it could be re-bid.  Plaintiff observed Hindman encouraging the ultimate selectee (who had more seniority than Plaintiff) to bid on the new position.  The selectee was given the position because he had greater seniority and Plaintiff was placed on the 2nd shift (3pm – 11pm).   Plaintiff's removal from the day shift served to remove the only female presence from that shift.

## IV.    CLAIMS

## COUNT I – SEX DISCRIMINATION IN VIOLATION OF TITLE VILL OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED BY THE CIVIL RIGHT ACT OF 1991

25.     Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein and further alleges as follows:

26.     Defendant treated Plaintiff less favorably than similarly situated males in the terms and conditions of Plaintiff's employment.  Defendant's disparate treatment of Plaintiff negatively and adversely impacted her employment.

27.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT II-RACE DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHT ACT OF 1991 AND 42 U.S.C. §1981**

28.     Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein and further allege as follows:

29.     Defendant treated Plaintiff less favorably than similarly situated white employees in the terms and conditions of Plaintiff's employment.   Defendant's disparate treatment of Plaintiff negatively and adversely impacted her employment.

30.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT III –RETALIATION**

31.     Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein and further allege as follows:

32.     Plaintiff's supervisor was aware that engaged in a protected activity. In retaliation, Defendant abolished Plaintiff's position and subjected her to harassment and disparate treatment.

33.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT IV-HOSTILE WORK ENVIRONMENT

34.     Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein and further allege as follows:

35.     Defendant subjected Plaintiff to a hostile work environment based on her sex and her race.  The conditions and conduct that Plaintiff was subjected to were objectively and subjectively hostile and substantially and adversely impacted the terms and condition of Plaintiff's employment.  Plaintiff complained about the hostile environment to management and Defendant/management failed to promptly prevent and correct the hostile, racially and gender-discriminatory conduct.

36.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT V – NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION

37.     Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein and further alleges as follows:

38.     As a result of Plaintiff's complaints, Defendant knew or should have known by the exercise of diligence and reasonable care of the racial and sex based hostile work environment and discrimination perpetuated by Defendant's management and white, male employees.  Defendant failed to use proper care in selecting, training, supervising or retaining Hindman and other managers and by failing to supervise its managers such that incidents of harassment are properly investigated and promptly prevented and/or corrected.

39.     As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary loses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT VI – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40.     Plaintiff incorporates and re-alleges paragraphs 1 through 24 as if fully set forth herein and further alleges as follows:

41.     Defendant's conduct was outrageous and intolerable.  Defendant, at many times, acted with the specific intent to inflict emotion distress on Plaintiff.

42.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and will continue to suffer severe emotional distress, stress and mental anguish and Plaintiff requires compensatory and punitive damages to make her whole.

## V.     RELIEF

43.     Plaintiff requests a declaratory judgment determining that Defendant discriminated against Plaintiff and subjected her to a hostile work environment and an order enjoining Defendant from further discrimination against Plaintiff.

44.     Plaintiff seeks reinstatement to the day-shift.

45.     Plaintiff seeks compensatory damages for emotional distress, mental anguish and pain and suffering caused by Defendant as a result of its conduct.  Plaintiff seeks an award of punitive damages to deter Defendant from continuing to engage in future similar conduct and to deter Defendant's indifference to complaints of harassment and discrimination.

46.     Plaintiff seeks attorney's fees and costs in amounts to be determined at trial.

47.     Plaintiff requests other and further relief as justice may require.

**JURY DEMANDED**

Dated this 10th day of September, 2012.


For the Plaintiff:


 /s/ Eden Brown Gaines_____
Eden Brown Gaines #489862
Brown Gaines, LLC
10665 Stanhaven Place
Suite 203
White Plains, MD 20695
Main (202) 370-7543
Fax (301) 542-0032
egaines@browngaines.com